IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 DEC -○ ░░ ░: 02

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

JOHNNY L. TRIPLETT,                     X
                                        X
          Plaintiff,                    X
                                        X
vs.                                     X          No. 05-2432-B/V
                                        X
SHELBY COUNTY DIVISION OF               X
CORRECTIONS, et al.,                    X
                                        X
          Defendants.                   X
                                        X

ORDER OF PARTIAL DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

Plaintiff Johnny L. Triplett filed a pro se complaint
pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e et seq., on June 15, 2005, along with a motion seeking leave
to proceed in forma pauperis. Because the plaintiff's motion for
leave to proceed in forma pauperis did not adequately document the
plaintiff's sources of income, assets, and monthly expenses, the
Court issued an order on August 15, 2005 directing the plaintiff,
within thirty days, to file a properly completed in forma pauperis
affidavit or pay the $250 civil filing. Plaintiff filed another in
forma pauperis affidavit on September 19, 2005 and, on November 10,
2005, the Court issued an order denying leave to proceed in forma
pauperis and directing plaintiff to pay the civil filing fee within

thirty days. Plaintiff paid the filing fee on December 6, 2005. The Clerk shall record the defendant as the Shelby County Division of Corrections ("SCDC").[1]

The plaintiff has filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[2] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." In this case, the plaintiff has not established that he is indigent and, therefore, he is not eligible for appointed counsel. Accordingly, the motion for appointment of counsel is DENIED.

Within thirty (30) days of the date of entry of this order, the plaintiff shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide plaintiff one (1) blank, unsigned summons. Pursuant to Fed. R. Civ. P. 4(b), the plaintiff is responsible for properly filling

---

[1]  The complaint lists the defendants as George Little, in his official capacity as Director of the Shelby County Correctional Center, and Shelby County Government. There is no rule that requires that a local governmental entity be sued only in the name of the head of the agency. As it appears that plaintiff named the SCDC as the respondent in his EEOC charge, the Clerk shall correct the docket to reflect that the SCDC is the defendant in this case. The Clerk shall also terminate George Little and Shelby County Government as parties to this action.

[2]  However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

out the summons and presenting it to the Clerk for signature and seal. If the summons is in proper form, the Clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. The plaintiff is responsible for ensuring that service is effected on the defendant pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(7) & (10).[3] Service on the defendant shall include a copy of this order. The plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(l).

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and the local rules of this Court.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

---

[3]     Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

The plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this ___8___ day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:05-CV-02432 was distributed by fax, mail, or direct printing on December 12, 2005 to the parties listed.

Johnny L. Triplett
5150 Steuben Drive
Memphis, TN 38134

Honorable J. Breen
US DISTRICT COURT